UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BRET D. GALLAGHER,<br><br>　　　　　Petitioner,<br><br>　　v.<br><br>DEBBIE ASUNCION, Warden,<br><br>　　　　　Respondent. | No.  1:16-cv-01177-AWI-SKO  HC<br><br>**ORDER DENYING RESPONDENT'S MOTION TO DISMISS PETITION FOR FAILURE TO EXHAUST CLAIMS IN STATE COURT**<br><br>**(Doc. 18)** |

　　　　Petitioner Bret D. Gallagher is a state prisoner proceeding with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.  Respondent Debbie Asuncion moves to dismiss the petition contending that the alleged grounds for habeas relief were not presented to the state court and therefore, are not exhausted.  The Court disagrees.  Although Petitioner's legal writing ability is imperfect, as might be expected from an untrained individual proceeding *pro se*, the two contentions set forth in the federal petition were also advanced in the habeas petition filed in the California Supreme Court.  As a result, the Court denies Respondent's motion to dismiss.

I.　　**Procedural and Factual History**

　　　　In January 2011, Petitioner and multiple codefendants brutally beat another man who had previously been affiliated with a rival gang.  On October 12, 2011, a jury in Kings County

1

Superior Court convicted Petitioner of kidnapping (Cal. Penal Code § 207(a)), second-degree robbery (Cal. Penal Code § 211), and assault causing great bodily injury (Cal. Penal Code § 245(a)(1)), and found three enhancements to be true (Cal. Penal Code § 186.22(1)(c)). The court sentenced Petitioner to an aggregate term of 23 years. *People v. Maxwell*, 2014 WL 198420 at *2 (Cal.App. Jan. 17, 2014) (Nos. F063834, F063839, F064407, and F065264).

Petitioner filed a direct appeal to the California Court of Appeal, articulating certain claims himself as well as joining in certain claims of his codefendants. The appellate court affirmed the conviction but remanded sentencing to the superior court to address for its correction of an error concerning application of the gang enhancements. *Maxwell*, 2014 WL 198420. The California Supreme Court denied review.

At resentencing on November 10, 2014, the superior court sentenced Petitioner to an aggregate sentence of 29 years and 8 months. Petitioner appealed the increased sentence, which the appellate court affirmed. *People v. Gallagher*, 2016 WL 1301348 (Cal. App. April 4, 2016) (No. F070350). The California Supreme Court denied review.

On February 10, 2016, Petitioner filed a petition for writ of habeas corpus in the California Supreme Court, which denied the petition.

II.     **Standard for Exhausting State Remedies**

A petitioner who is in state custody and wishes to collaterally challenge his conviction by a petition for writ of habeas corpus must first exhaust state judicial remedies. 28 U.S.C. § 2254(b)(1). The exhaustion doctrine is based on comity to the state court and gives the state court the initial opportunity to correct the state's alleged constitutional deprivations. *Coleman v. Thompson*, 501 U.S. 722, 731 (1991); *Rose v. Lundy*, 455 U.S. 509, 518 (1982); *Buffalo v. Sunn*, 854 F.2d 1158, 1163 (9th Cir. 1988).

///

A petitioner can satisfy the exhaustion requirement by providing the highest state court with a full and fair opportunity to consider each claim before presenting it to the federal court. *Duncan v. Henry*, 513 U.S. 364, 365 (1995); *Picard v. Connor*, 404 U.S. 270, 276 (1971); *Johnson v. Zenon*, 88 F.3d 828, 829 (9th Cir. 1996).  A federal court will find that the highest state court was given a full and fair opportunity to hear a claim if the petitioner has presented the highest state court with the claim's factual and legal basis.  *Duncan*, 513 U.S. at 365; *Kenney v. Tamayo-Reyes*, 504 U.S. 1, 8 (1992).

The petitioner must also have specifically informed the state court that he was raising a federal constitutional claim.  *Duncan*, 513 U.S. at 365-66; *Lyons v. Crawford*, 232 F.3d 666, 669 (9th Cir. 2000), *amended*, 247 F.3d 904 (2001); *Hiivala v. Wood*, 195 F.3d 1098, 1106 (9th Cir. 1999); *Keating v. Hood*, 133 F.3d 1240, 1241 (9th Cir. 1998).

The § 2254 petition in this case sets forth two claims: (1) Petitioner's trial attorney failed to investigate the fact that the victim's hospital testimony was not spontaneous, violating Petitioner's 6th Amendment right to counsel, and (2) the prosecutor mislead the jury at trial, violating Petitioner's 5th Amendment rights.  Given Petitioner the benefit of the doubt, as is appropriate for a prisoner proceeding *pro* se, the Court must disagree with Respondent's contention that these grounds were not raised in state court.

Although Petitioner poorly articulated his claims in both his state and federal petitions, the first contention of the petition to the California Supreme Court also alleges that that trial counsel failed to investigate fully the victim's hospital statements, which Petitioner contends were not spontaneous, violating Petitioner's 6th Amendment rights.  *See* Lodged Doc. 2, "In Memorandum of Point and Authority," at 2-3.  Similarly, the second contention of the petition to the California

///

///

Supreme Court, states a colorable 5th Amendment claim that the prosecutor presented evidence that mislead the jury and the defense.  *See id.* at 3-4.[1]

### III.   Conclusion and Denial of Motion to Dismiss

The Court DENIES Respondent's motion to dismiss the petition for lack of exhaustion.

IT IS SO ORDERED.

Dated:   **November 29, 2016**                   /s/ *Sheila K. Oberto*
                                                                UNITED STATES MAGISTRATE JUDGE

---

[1] The likelihood that Petitioner will ultimately prevail on his claims appears to be slim when evaluated on the limited record that has so far been filed in this Court.  Nonetheless, without an opportunity to review the record as a whole and independently assess whether Petitioner's inartful claims in fact allege a cognizable federal constitutional claim, the Court will permit the petition to proceed to substantive review following submission of the record as a whole.